# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.   1:18-cv-01178-RBJ

JEFFREY GONZALES,

    Plaintiff,

v.

UNIVERSITY OF COLORADO, through its
Board, THE REGENTS OF THE UNIVERSITY
OF COLORADO, a body corporate,

    Defendant.

---

**UNIVERSITY OF COLORADO BOARD OF REGENTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AND JURY DEMAND**

---

Defendant, University of Colorado, through its Board, The Regents of the University of Colorado, (hereinafter referred to as "The University"), submits its Answer to Plaintiff's Amended Complaint and Jury Demand, and states as follows:

## **INTRODUCTION**

1. The "Introduction" paragraph of the Amended Complaint appears to contain Plaintiff's summary of his Complaint, and therefore, no response is required. To the extent a further response is deemed required, the University denies these allegations.

## PARTIES

2. The University admits the allegations in Paragraph 2.

3. The University admits the allegations in Paragraph 3.

## JURISDICTION AND VENUE

4. The University admits that the Court has subject matter jurisdiction.

5. The University admits the allegations in Paragraph 5.

6. The University admits the allegations in Paragraph 6.

## SPECIFIC ALLEGATIONS

7. The University admits the allegations in Paragraph 7.

8. The University admits the allegations in Paragraph 8.

9. The University admits the allegations in Paragraph 9.

10. The University has insufficient knowledge to admit or deny the allegations contained in Paragraph 10, and therefore, denies the same.

11. The University admits the allegations in Paragraph 11.

12. The University has insufficient knowledge to admit or deny the allegations contained in Paragraph 12, and therefore, denies the same.

13. As for Paragraph 13, the University admits that Dr. Henthorn recruited Plaintiff.

14. The University has insufficient knowledge to admit or deny the allegations contained in Paragraph 14, and therefore, denies the same.

15. The University denies the allegations in Paragraph 15.

16. The University admits that Plaintiff's duties included those listed in Paragraph 16.

17. As for Paragraph 17, the University answers the subparts as follows:

   a. Denies.

   b. The University has insufficient knowledge to admit or deny the allegations, and therefore, denies the same.

   c. Admits.

   d. The University has insufficient knowledge to admit or deny the allegations, and therefore, denies the same.

   e. The University has insufficient knowledge to admit or deny the allegations, and therefore, denies the same.

   f. The University has insufficient knowledge to admit or deny the allegations, and therefore, denies the same.

   g. The University has insufficient knowledge to admit or deny the allegations, and therefore, denies the same.

   h. The University has insufficient knowledge to admit or deny the allegations, and therefore, denies the same.

   i. The University has insufficient knowledge to admit or deny the allegations, and therefore, denies the same. However, this description of activities is consistent with Plaintiff's job duties.

18. The University has insufficient knowledge to admit or deny the allegations contained in Paragraph 18, and therefore, denies the same.

19. The University has insufficient knowledge to admit or deny the allegations contained in Paragraph 19, and therefore, denies the same.

20. The University admits the allegations in Paragraph 20.

21. The University admits the allegations in Paragraph 21.

22. As to Paragraph 22, the University admits that Chair Todorovic gave Plaintiff an "outstanding" rating on Plaintiff's reviews, and denies the remaining allegations.

23. The University denies the allegations in Paragraph 23.

24. The University has insufficient knowledge to admit or deny the allegations contained in Paragraph 24, and therefore, denies the same.

25. The University has insufficient knowledge to admit or deny the allegations contained in Paragraph 25, and therefore, denies the same.

26. The University has insufficient knowledge to admit or deny the allegations contained in Paragraph 26, and therefore, denies the same.

27. The University has insufficient knowledge to admit or deny the allegations contained in Paragraph 27, and therefore, denies the same.

28. The University has insufficient knowledge to admit or deny the allegations contained in Paragraph 28, and therefore, denies the same.

29. The document referenced in Paragraph 29 speaks for itself and no response is required. To the extent a response is deemed required, the University denies the same.

30. The University has insufficient knowledge to admit or deny the allegations contained in Paragraph 30, and therefore, denies the same.

31. The University denies the allegations in Paragraph 31. In his March 14, 2016 email, Plaintiff unilaterally resigned.

32. The document referenced in Paragraph 32 speaks for itself and no response is required. To the extent a response is deemed required, the University denies the same.

33. The document referenced in Paragraph 33 speaks for itself and no response is required. To the extent a response is deemed required, the University denies the same.

34. The University admits the allegations in Paragraph 34.

35. The University admits the allegations in Paragraph 35.

36. The University has insufficient knowledge to admit or deny the allegations contained in Paragraph 36, and therefore, denies the same. If referring to the March 19, 2016 email, which Dr. Todorovic sent to Plaintiff, the document speaks for itself and no response is required. To the extent a response is deemed required, the University denies the same.

37. The University admits the allegations in Paragraph 37.

38. The University admits the allegations in Paragraph 38.

39. The University denies the allegations in Paragraph 39.

40. The University has insufficient knowledge to admit or deny the allegations contained in Paragraph 40, and therefore, denies the same.

41. The University denies the allegations in Paragraph 41.

42. The University denies the allegations in Paragraph 42.

43. The University denies the allegations in Paragraph 43.

44. The document referenced in Paragraph 44 speaks for itself and no response is required. To the extent a response is deemed required, the University denies the same.

45. As to Paragraph 45, the University admits that on or around March 14, Plaintiff reported this comment to CU's Title IX Office. The University has insufficient knowledge to admit or deny the remaining allegations in Paragraph 45, and therefore, denies the same.

46. As to Paragraph 46, the University believes that the date was March 15, and admits that Will Dewese suggested Human Resources as a resource for Plaintiff.

47. The University denies the allegations in Paragraph 47

48. The document referenced in Paragraph 48 speaks for itself and no response is required. To the extent a response is deemed required, the University denies the same.

49. The document referenced in Paragraph 49 speaks for itself and no response is required. To the extent a response is deemed required, the University denies the same.

50. The document referenced in Paragraph 50 speaks for itself and no response is required. To the extent a response is deemed required, the University denies the same.

51. The University has insufficient knowledge to admit or deny the allegations contained in Paragraph 51, and therefore, denies the same.

52. The University admits the allegations in Paragraph 52, except per Dr. Rumack's meeting acceptance, the meeting was set on March 14.

53. As to Paragraph 53, the University admits that this is when Plaintiff gave Dr. Rumack text messages and other documents.

54. The University denies the allegations in Paragraph 54

55. The University denies the allegations in Paragraph 55.

56. The document referenced in Paragraph 56 speaks for itself and no response is required. To the extent a response is deemed required, the University denies the same.

57. The University has insufficient knowledge to admit or deny the allegations contained in Paragraph 57, including subparts a-c, and therefore, denies the same.

58. As to Paragraph 58, the University admits that they met and discussed Plaintiff's complaint. The University denies saying, "that they would continue their investigation" as it was an initial inquiry and no investigation occurred.

59. The document referenced in Paragraph 59 speaks for itself and no response is required. To the extent a response is deemed required, the University denies the same.

60. The University denies the allegations in Paragraph 60.

61. The University admits the first sentence up to and through the first reference to Dr. Donnelly, and denies the remaining allegations in Paragraph 61.

62. As to Paragraph 62, the University denies "and again asked Plaintiff what it was that he actually did at the CU". The University admits the remaining allegations of Paragraph 62.

63. As to Paragraph 63, Dr. Todorovic does not recall having this discussion with Plaintiff. However, what is described in this paragraph is what Dr. Gadjos described to Dr. Todorovic.

64. As to Paragraph 64, the University admits the first sentence and denies the second sentence.

65. The University has insufficient knowledge to admit or deny the allegations contained in Paragraph 65, and therefore, denies the same.

66. The University has insufficient knowledge to admit or deny the allegations contained in Paragraph 66, and therefore, denies the same.

67. The University admits the allegations in Paragraph 67.

68. The University denies the allegations in Paragraph 68.

69. The document referenced in Paragraph 69 speaks for itself and no response is required. To the extent a response is deemed required, the University denies the same.

70. The document referenced in Paragraph 70 speaks for itself and no response is required. To the extent a response is deemed required, the University denies the same.

71. The University admits the allegations in Paragraph 71.

72. The University admits the allegations in Paragraph 72.

73. As to Paragraph 73, the University denies that Dr. Todorovic "smirked". The University admits the remaining allegations in Paragraph 73, except that the University is unaware of the exact date of the referenced "incident."

74. As to Paragraph 74, the University admits that the resident reported that Plaintiff instructed him to look up the "Houdini Technique" in UrbanDictionary.com. The University has insufficient knowledge to admit or deny the remaining allegations of Paragraph 74, and therefore, denies the same.

75. The University denies the allegations in Paragraph 75.

76. The University has insufficient knowledge to admit or deny the allegations contained in Paragraph 76, and therefore, denies the same.

77. The University admits the allegations in Paragraph 77.

78. The University denies the allegations in Paragraph 78.

79. The document referenced in Paragraph 79 speaks for itself and no response is required. To the extent a response is deemed required, the University denies the same.

80. As to Paragraph 80, the documents in Plaintiff's personnel file speak for themselves. Generally, this allegation is admitted.

81. The University has insufficient knowledge to admit or deny the allegations contained in Paragraph 81, and therefore, denies the same.

82. The University has insufficient knowledge to admit or deny the allegations contained in Paragraph 82, and therefore, denies the same.

83. The University denies the allegations in Paragraph 83.

84. The document referenced in Paragraph 84 speaks for itself and no response is required. To the extent a response is deemed required, the University denies the same.

85. The University admits the allegations in Paragraph 85.

**CLAIM FOR RELIEF**
(Retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, against Defendant)

86. The foregoing responses are reasserted and incorporated herein by reference.

87. The University denies the allegations in Paragraph 87.

88. The University denies the allegations in Paragraph 88.

89. The University denies the allegations in Paragraph 89.

90. The University denies the allegations in Paragraph 90.

Plaintiff's "Wherefore" clause, including subsections A-G do not require a response. To the extent a response is deemed required, the University denies these statements.

## GENERAL DENIAL

The University denies any remaining allegations not specifically denied, and denies that Plaintiff is entitled to any relief or recovery against the University.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff's claims may be barred or reduced by a failure to mitigate his damages, if any.

**DATED:** August 3, 2018.

Respectfully submitted,

*s/ Erica Weston*
Erica Weston
Associate University Counsel
University of Colorado
Office of University Counsel
1800 Grant Street, Suite 700
Denver, CO 80203
Tel: 303-860-5691
Fax: 303-860-5650
Erica.Weston@cu.edu
*Attorney for Defendant*
*University of Colorado Board of Regents*

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2018, I electronically filed the foregoing **University of Colorado Board of Regents' Answer to Plaintiff's Amended Complaint and Jury Demand** with the Court's electronic filing system (CM/ECF) which will automatically cause notification to be sent to the following counsel of record:

Charlotte N. Sweeney
Ariel B. DeFazio
Sweeney & Bechtold, LLC
650 S. Cherry Street, Suite 700
Denver, CO 80246
Telephone (303) 865-3733
Fax: (303) 865-3738
E-mail: cnsweeney@sweeneybechtold.com
E-mail: abdefazio@sweeneybechtold.com
*Attorneys for Plaintiff*

> *s/ Kait Searcy*
> Kait Searcy, Paralegal