**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:18-cv-01178-RBJ

JEFFREY GONZALES,

    Plaintiff,

v.

UNIVERSITY OF COLORADO, through its Board, THE REGENTS OF THE UNIVERSITY OF COLORADO, a body corporate,

    Defendant.

---

**STIPULATED PROTECTIVE ORDER**

---

The parties, by and through their respective counsel, stipulate to the entry of this Protective Order, as follows:

1.  This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated as "CONFIDENTIAL" pursuant to the terms of this Protective Order.

2.  As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.       The parties seek to restrict public access to certain types of confidential information and have tailored this Proposed Protective order according to Judge R. Brooke Jackson's Practice Standards. To the extent that such information cannot be filed in a redacted format, the parties agree to designate as "CONFIDENTIAL" documents, materials and/or information produced by either Jeffrey Gonzales ("Plaintiff") or the University of Colorado ("Defendant" or "the University") containing the following information: (1) personnel information concerning current and former employees of Defendant to the extent that such information implicates privacy interests and is not generally known to the public; (2) student and patient names and other identifying information belonging to students and patients of the University; and (3) information relating to Plaintiff concerning personal and confidential matters not generally known to the public, such as, but not limited to, medical information and financial records; (4) other documents, materials, and/or information of a truly personal nature that implicate a privilege or legitimate privacy interest.

As a condition of designating documents "CONFIDENTIAL," the documents must be reviewed by a lawyer of the designating party who will certify that the designation as "CONFIDENTIAL" is based on a good faith belief that the information is confidential or otherwise entitled to protection.

4.       CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

5.       CONFIDENTIAL information shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

(a) attorneys working on this case;

(b) persons regularly employed or associated with the attorneys working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties and designated representatives for the entity Defendant;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court, its employees, and jurors;

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses; and

(h) other persons by written agreement of the parties.

6.  Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following legend or stamp: "CONFIDENTIAL."

7.  Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8.      A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to schedule a mutually convenient time to contact the Court's Chambers to set a telephone hearing as discussed in the Discovery Disputes section of the Court's Practice Standards in order to request that the Court determine whether the disputed information should be subject to the terms of this Protective Order within thirty (30) days of the aforementioned notice. If such contact with the Court is timely made, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the issue. If the designating party fails to contact the Court within the prescribed time, the disputed information will no longer be treated as CONFIDENTIAL.  At all times, the designating party shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9.      As with all court filings, the parties shall comply with D.C.COLO.LCivR 7.2 as to any request to restrict access based on this Protective Order.

10.     At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof that have been designed CONFIDENTIAL shall be destroyed or preserved by counsel in a manner that is fully consistent with the terms of this Stipulated Protective Order and the attorneys' law firm's office procedures.  At the end of the litigation (including any appeals), counsel will not be required to return documents designated CONFIDENTIAL.

10.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DONE AND ORDERED this 17th day of December, 2018.

_____
R. Brooke Jackson
District Court Judge

STIPULATED TO AND APPROVED AS TO FORM this \_\_\_ day of December, 2018.

| s/Amanda E. Bauer_____ | s/David Temple_____ |
|---|---|
| Charlotte N. Sweeney | David Temple |
| Ariel B. DeFazio | David A. Kaade |
| Amanda E. Bauer | University of Colorado |
| SWEENEY & BECHTOLD LLC | Office of University Counsel |
| 650 S. Cherry Street, Suite 700 | 1800 Grant Street, Suite 700 |
| Denver, Colorado 80246 | Denver, CO 80203 |
| (303) 865-3733 | (303) 860-5713 |
| cnsweeney@sweeneybechtold.com | David.temple@cu.edu |
| abdefazio@sweeneybechtold.com | Donald.Kaade@cu.edu |
| aebauer@sweeneybechtold.com | |
| | |
| ATTORNEYS FOR PLAINTIFF | ATTORNEYS FOR DEFENDANT |