**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:18-cv-01178-RBJ

JEFFREY GONZALES,

      Plaintiff,

v.

UNIVERSITY OF COLORADO, through its
Board, THE REGENTS OF THE UNIVERSITY
OF COLORADO, a body corporate,

      Defendant.

---

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO EXCLUDE TESTIMONY
AND ARGUMENT INVOLVING OTHER EMPLOYEES' COMPLAINTS**

---

**ARGUMENT**

FRE 404(b) excludes evidence of other acts offered to prove a person acted in a particular way because he acted similarly on other occasions. And while the testimony of other employees may be relevant to "the employer's discriminatory intent if the testimony establishes a pattern of retaliatory behavior or tends to discredit the employer's assertion of legitimate motives," *Coletti v. Cudd Pressure Control*, 165 F.3d 767, 776 (10th Cir. 1999), that's not the case here.

    **A.**    **Susan Mandell**

Plaintiff argues that Dr. Mandell's testimony meets this standard because Dr. Mandell allegedly also complained of discrimination and was "subject to retaliation." (ECF #52 pg. 5.) This doesn't establish a "pattern of retaliatory behavior" or "discredit" the University because Dr. Mandell's and Plaintiff's complaints are fundamentally dissimilar:

**National origin vs. age discrimination:** Plaintiff complained that Dr. Fiegel, not the University, displayed national origin discrimination. Dr. Mandell alleges Dr. Todorovic engaged

in age discrimination. Despite Dr. Mandell's conclusory statement that she is Jewish, (ECF #47-2 ¶ 16), nothing in her affidavit or Plaintiff's response connects her complained-of mistreatment to her national origin. Dr. Mandell's proposed testimony is nothing more than her unsubstantiated belief that Dr. Todorovic discriminated and retaliated against her. It is irrelevant and improper under FRE 402 and 404(b). *See Mendelsohn v. Sprint/United Mgmt. Co.*, 402 F. App'x 337, 340 (10th Cir. 2010) (relevant evidence requires "a nexus between the other-employee testimony and the adverse employment action"); *see also Bornholdt v. Brady*, No. 87 CIV. 1062 (LMM), 1993 WL 339264, at *2 (S.D.N.Y. Sept. 2, 1993) (other employees' "subjective opinions or feelings about the existence of age bias" were not relevant.)

**Timing:** The majority of Dr. Mandell's allegations are too distant in time to be relevant. She complains about a July 2017 meeting (ECF #47-2 ¶8); a July 2018 meeting (*Id.* at ¶10); and a 2019 sabbatical denial (*Id.* at ¶15). Plaintiff was terminated in June 2016 – over a year before the earliest of these. Dr. Mandell cannot testify about these later events because "[d]iscriminatory incidents which occurred …<u>anytime after</u> [the contested action] are not sufficiently connected to the employment action in question." *Heno v. Sprint/United Mgmt. Co.*, 208 F.3d 847, 856 (10th Cir. 2000) (emphasis added). Plaintiff responds that Dr. Mandell did complain about discrimination and retaliation before Plaintiff's termination. (ECF #52 pg. 5.) But her slim contemporaneous complaints aren't relevant either. Removing the after-occurring events leaves only her allegations that in February 2016, Dr. Todorovic "attempted to intimidate" her into retiring; her telling Dr. Rumack about this in April 2016; and, at some unspecified later time, Dr. Todorovic denying her medical leave. (ECF #47-2 ¶¶7, 11.) These amount to only commentary on Dr. Todorovic's character, are not allegations of retaliatory actions during the relevant time frame, and FRE 404(b) requires they be excluded.

**Different actors:** Even assuming a sabbatical denial is adverse employment action, Dr. Mandell ascribes this to Dean Reilly, not Dr. Todorovic. (ECF # 42-2 ¶15.) Testimony about actions of a different decisionmaker is not relevant to show discriminatory intent or motive. *Schrand v. Federal Pac. Elec. Co.*, 851 F.2d 152, 155-56 (6th Cir. 1988) (testimony of other employees should have been excluded in part because of different decisionmakers), *abrogated on other grounds by Hazen Paper Co. v. Biggins*, 507 U.S. 604 (1993).

### B.   Stephanie Strauss

**National origin vs. pregnancy:** Ms. Strauss' testimony isn't relevant because, as this court has previously held during a telephone hearing on March 20, 2019, she did not complain about discrimination or retaliation to the Human Resources department. Ms. Strauss believes that Dr. Todorovic's statement that she consider whether leadership was a "good fit," made while Ms. Strauss was pregnant, is discriminatory. (ECF #48-1 ¶ 5.) But Plaintiff does not connect this comment to his complaint about Dr. Fiegel or to his termination. Given this, her testimony cannot be relevant to the University's discriminatory intent in its dealings with Plaintiff or useful to demonstrate a pattern or practice of discrimination or retaliation. *See Coletti*, 165 F.3d at 776. Her testimony would only criticize Dr. Todorovic's character and management style, and must be excluded per FRE 404(b).

**Timing:** The events detailed in Ms. Strauss' affidavit are temporally distant from Plaintiff's allegations. Ms. Strauss alleges she reported Dr. Todorovic's comments in April and May of 2017 (ECF #48-1 ¶¶ 5-7) and that she was allegedly pressured by her supervisor (not Dr. Todorovic) to resign in August 2017 (*Id.* at ¶ 8) – a year after the incidents at issue here. This distance makes any "logical relationship" between Ms. Strauss' character testimony and Plaintiff's termination too attenuated. *Coletti*, 165 F.3d at 777.

**Different actors:** Ms. Strauss does not complain about any adverse employment action by Dr. Todorovic. Again, she claims her supervisor – not Dr. Todorovic –pressured her to resign. (ECF #48-1 ¶ 8.) Ms. Strauss does not claim that Dr. Todorovic subjected her to an adverse employment action. *Cf. Heno*, 208 F.3d at 856 (Plaintiff can connect other employee evidence by "showing that the same supervisors were involved.").

**FRE 402:** Ms. Strauss allegedly will testify to the "inaction of CU's HR in response to her reports." (ECF #52 pg. 7.) Ms. Strauss' belief that the University did not act on her complaints is irrelevant to whether Dr. Todorovic terminated Plaintiff in retaliation for his complaint about Dr. Fiegel. *Curtis v. Okla. City Pub. Sch. Bd. of Educ.*, 147 F.3d 1200, 1218 (10th Cir. 1998) (excluding proffered testimony about a supervisor who "was not a named defendant" and that "involved issues that went beyond those raised by Plaintiff").

C.  **None of the proposed testimony is admissible to "rebut" Dr. Rumack's testimony.**

Plaintiff claims Dr. Mandell and Dr. Puskas can testify about their reports to Dr. Rumack "and his disclosure of the same" to Dr. Todorovic, (ECF #52 pg. 6), thus purportedly rebutting Dr. Rumack's assertions that he keeps matters confidential. First, this is precisely what Rule 404(b) prohibits—using other acts as evidence that a person acted in conformity therewith.

Second, there is no suggestion that Dr. Mandell or Dr. Puskas have any personal knowledge that Dr. Rumack disclosed anything to Dr. Todorovic. Their proposed testimony is nothing more than unsubstantiated speculation and double hearsay. Because a witness may not testify to a matter unless there is sufficient evidence to support a finding that the witness has personal knowledge, Dr. Mandell and Dr. Puskas must be excluded. FRE 602. For the same reasons, no witnesses are competent to testify about any alleged discriminatory treatment of other faculty. (ECF #47-2 ¶¶ 11-14); *Zokari v. Gates*, 561 F.3d 1076, 1089 (10th Cir. 2009)

(excluding other employee testimony who did not have personal knowledge of discriminatory evaluations, because "he knew nothing regarding the work performance of any employee except himself").

**D.    None of the proposed testimony is admissible to "rebut" Dean Reilly's testimony.**

Plaintiff claims testimony of Dr. Mandell, Dr. Judit Szolnoki, and Dr. Jeffrey Galinkin is necessary to "challenge" the testimony of Dean Reilly. Even assuming the Dean's knowledge of other complaints about Dr. Todorovic's management style is relevant (and it is not), the Dean has not denied that he was aware of such complaints. (ECF #52-1, 34:12-14, 35:24-36:5.) Thus, these witnesses' proposed testimony is not proper "rebuttal" testimony.

**E.    The testimony is inadmissible under FRE 403.**

As the Sixth Circuit observed, "the strongest jury instructions could not have dulled the impact of a parade of witnesses, each recounting his contention that defendant had laid him off" for a discriminatory reason. *Schrand*, 851 F.2d at 156 (internal citations omitted). And that is exactly what Plaintiff seeks to accomplish with these witnesses. Indeed, Dr. Mandell states that she is "providing this affidavit because something needs to be done to correct the situation with Dr. Todorovic." (ECF #47-2 ¶19.) Regardless of what Dr. Mandell believes that "situation" to be, Plaintiff's lawsuit against the University isn't the appropriate venue for Dr. Mandell or other witnesses to air their grievances. Allowing them to do so would cause undeniable prejudice to the University that significantly outweighs any minimal probative value of their testimony.

And, contrary to Plaintiff's assertions, these witnesses' testimony would amount to a significant waste of time. FRE 403. The University will be forced to present substantial evidence to demonstrate that it did not discriminate or retaliate against each witness. These "trials within a trial" will waste time and distract from the issues in the case.

**DATED**: December 3, 2019.

Respectfully submitted,

*s/ David P. Temple*
David P. Temple
Hermine Kallman
Office of the University Counsel
1800 Grant Street, Suite 700
Denver, CO 80203
Tel: 303-860-5691; Fax: 303-860-5650
David.Temple@cu.edu
Hermine.Kallman@cu.edu
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2019, I electronically filed the foregoing with the Court's electronic filing system (CM/ECF) which will automatically cause notification to be sent to the following counsel of record:

Charlotte N. Sweeney
Ariel B. DeFazio
Madeline A. Collison
E-mail: cnsweeney@sweeneybechtold.com
E-mail: abdefazio@sweeneybechtold.com
E-mail: macollison@sweeneybechtold.com
*Attorneys for Plaintiff*

*s/ Linda Ruth Carter*
Linda Ruth Carter, Paralegal